■ ALICE PIEKARZ, Appellant, v COLUMBIA LAUNDRY MACHINE COMPANY, INC., Respondent, and AMERICAN LAUNDRY MACHINE COMPANY, INC., Appellant.—In an action to recover damages for personal injuries, the plaintiff and the defendant American Laundry Machine Company, Inc. separately appeal

from an order of the Supreme Court, Orange County (Owen, J.), dated October 27, 1987, which, after a hearing, granted the motion of the defendant Columbia Laundry Machine Company, Inc. to dismiss the complaint and the cross claim against it for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with one bill of costs, and the motion is denied.

The plaintiff was allegedly severely and permanently injured by a commercial washing machine allegedly manufactured by the defendant Columbia Laundry Machine Company, Inc., a Pennsylvania corporation not licensed to do business in New York. This machine allegedly contained a "washer-extractor" manufactured by the defendant-appellant American Laundry Machine Company, Inc.

The plaintiff timely served Columbia Laundry Machine Company, Inc. pursuant to Business Corporation Law § 307 which governs service upon a foreign corporation unauthorized to do business in New York by serving the Secretary of State of the State of New York, and by forwarding process to it by certified mail, return receipt requested, to its corporate offices in Columbia, Pennsylvania. Although Business Corporation Law § 307 (b) (2) prescribes service by "registered mail with return receipt requested", in the absence of prejudice *(see, Montana v Incorporated Vil. of Lynbrook,* 23 AD2d 585), this is not a fatal defect *(see, Hoerning v Stihl Am.,* 70 AD2d 696). Similarly, the plaintiff's failure to timely file her proof of service with the clerk of the court in which the action was pending did not divest the court of jurisdiction *(see, Orzechowski v Warner-Lambert Co.,* 91 AD2d 681). In sum, these defects and the other service defects complained of were but "mere irregularities and did not deprive the court of jurisdiction" *(Hoerning v Stihl Am., supra,* at 697).

Since Columbia Laundry Machine Company, Inc. failed to raise the alleged lack of long-arm jurisdiction *(see,* CPLR 302) before the Supreme Court, Orange County, the record is barren of any evidence with respect to its nexus or lack of nexus with this State. Thus, that issue is not properly before this court *(Brent-Grand v Megavolt Corp.,* 97 AD2d 783). In light of the foregoing, we need not reach the parties' remaining contentions. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.