OPINION OF THE COURT
Hancock, Jr., J.
Defendant is a foreign corporation not authorized to do business in the State of New York. Plaintiff, mistakenly believing that defendant was authorized to do business in the State, commenced this action pursuant to Business Corporation Law § 306 instead of Business Corporation Law § 307 *53 which governs service on unauthorized foreign corporations. Concededly, plaintiff effected personal service on the Secretary of State at her office in Albany and thereafter defendant received a copy of the process at its office in Chicago. The question is whether under these circumstances the court acquired personal jurisdiction over defendant although plaintiff did not send a copy of the process to defendant by registered mail as required by section 307 (b) (2) or file the affidavit of compliance required by section 307 (c) (2). The Appellate Division concurred with Supreme Court that jurisdiction had been acquired and affirmed its denial of defendant’s motion to dismiss (CPLR 3211 [a] [8]). For reasons which follow, we disagree. Accordingly, there should be a reversal.
I
Plaintiff sustained injuries when a hose, allegedly manufactured by defendant, malfunctioned. Defendant is a Virginia corporation having a principal office in Chicago, Illinois. It had not designated the Secretary of State as its agent for service of process since July 21, 1952 when it surrendered its certificate of authority to do business in the State of New York. Apparently assuming that defendant’s designation of the Secretary of State was still in effect, plaintiff served two copies of the summons with notice on the Secretary at her office in Albany pursuant to Business Corporation Law § 306. The Secretary of State’s office, after signing a receipt for the process, found from its records that defendant’s certificate of authority had been canceled in 1952. It nevertheless sent a copy of the process by certified mail, return receipt, to defendant at its designated address in Chicago in accordance with section 306 and thereafter got back the signed card signifying receipt of the process by defendant.
When defendant’s time to answer expired, plaintiff moved for a default judgment. Defendant opposed the motion for default and filed a cross motion seeking a dismissal of the action upon the ground that the service was ineffective. It argued that the court had not acquired jurisdiction over it because plaintiff had not met the requirements of Business Corporation Law § 307 for service on an unauthorized foreign corporation in that: (1) a copy of the process was not sent "by or on behalf of the plaintiff to such foreign corporation by registered mail with return, receipt requested” as prescribed by section 307 (b) (2) (instead a copy was sent by the Secretary *54 of State by certified mail); and (2) plaintiff did not file with the clerk of the court proof of such service by registered mail in an affidavit of compliance as required by section 307 (c) (2).
Although Supreme Court denied defendant’s dismissal motion, it also denied plaintiff’s motion for a default and ordered plaintiff to accept defendant’s notice of appearance and to serve a complaint within 30 days. On defendant’s appeal, the Appellate Division unanimously affirmed. That court rejected the argument that the failure to comply with section 307 was jurisdictional.
The Appellate Division noted that there was no dispute that the Secretary of State had been duly served in Albany and reasoned that since "the Secretary of State is the statutory agent for unauthorized foreign corporations (Business Corporation Law § 307 [a]), this personal delivery of the summons constituted literal compliance with the jurisdictional requirements of CPLR 311 (1), which allows for personal service on a corporation by delivering the summons to an agent authorized by law to receive service” (Flick v Stewart-Warner Corp., 151 AD2d 823, 824). It concluded that plaintiff’s failures of compliance with the registered mail and proof of service requirements of the statute (§ 307 [b] [2]; [c] [2]) were " 'mere irregularities that * * * do not deprive the court of jurisdiction’ ” (id., at 825). The Appellate Division granted defendant leave to appeal and certified the following question: "Did this court err as a matter of law in affirming so much of the Supreme Court’s order as denied defendant’s motion to dismiss the summons with notice?” We now reverse and answer the certified question in the affirmative.
II
The question is whether the procedures established in Business Corporation Law § 307 are requirements of a jurisdictional nature which must be strictly satisfied. Plaintiff’s argument, adopted by the Appellate Division, is that the only jurisdictional requirement is personal service on the Secretary of State who by the terms of section 307 (a) is appointed defendant’s agent for service of process. Once service on the Secretary of State is complete, the argument goes, jurisdiction is acquired and subsequent deviations from required procedures (i.e., mailing by certified rather than by registered mail and not filing the affidavit of compliance) may, in the absence of prejudice, be excused as "mere irregularities”. We disagree. *55 The argument overlooks both the critical differences in the legal bases for jurisdiction over a foreign corporation, which depend upon whether the corporation is or is not authorized to do business in the State, and the distinctions in the applicable statutes which reflect these differences.
The predicate for this State’s jurisdiction over an unauthorized foreign corporation is the fact that it is doing business in the State and has thus created a constructive presence over which New York courts can exert general jurisdiction (CPLR 301; see, Laufer v Ostrow, 55 NY2d 305, 309-310; see generally, 1 Weinstein-Korn-Miller, NY Civ Prac 301.14, 301.16). Assuming that the predicate for general jurisdiction over an unauthorized foreign corporation exists, section 307 prescribes the method for effecting service of process.[1]
Service may be commenced on an unauthorized foreign corporation by serving the process "upon the secretary of state as its agent” (§ 307 [a]). Such process must be served personally at the office of the Secretary of State in Albany or on the deputy or an authorized agent for service (§ 307 [b]). Thereafter, notice of the service and a copy of the process must either be delivered "personally without this state to such foreign corporation” in accordance with section 307 (b) (1) or sent "by or on behalf of the plaintiff to such foreign corporation by registered mail with return receipt requested” in accordance with section 307 (b) (2). Regardless of whether such service is effected personally (§ 307 [b] [1]) or by registered mail (§ 307 [b] [2]) an affidavit of compliance must be filed in accordance with section 307 (c) (1) or section 307 (c) (2) with the clerk of the court in which the action is pending within 30 days after such service. In either case service of process is not complete until "ten days after [the affidavit of compliance containing proof of service is] filed with the clerk of the court” (§ 307 [c] [1], [2] [emphasis added]).
In the case of an unauthorized foreign corporation — as *56 contrasted with a domestic corporation or a foreign corporation authorized to do business in the State — the designation of the Secretary of State as its agent for service is imputed, not actual. The designation is effected by statutory edict on the theory that by doing business in the State a foreign corporation has submitted itself to the jurisdiction of our courts (see, Revised Supp to Fifth Interim Report to Joint Legislative Committee to Study Revision of Corporation Laws, 1961 NY Legis Doc No. 12, at 23-24). Because the appointment of the Secretary of State as agent is a constructive rather than an actual designation, the statute contains procedures calculated to assure that the foreign corporation, in fact, receives a copy of the process. Section 307 (b) specifies that service "shall be sufficient if notice thereof and a copy of the process” (emphasis added) are either delivered personally to the foreign corporation without the State (see, § 307 [b] [1]) or sent to it by registered mail (§ 307 [b] [2]). The proof called for in the affidavit of compliance is that the required actual notice has been given either by personal service or by registered mail (see, § 307 [c] [1], [2]). These are not mere procedural technicalities but measures designed to satisfy due process requirements of actual notice.
It is significant that the Legislature, as a further assurance of actual notice to the unauthorized foreign corporation, has specified that the service of process shall not be complete until "ten days after [the required affidavit of compliance is] filed with the clerk of the court.” (§ 307 [c] [2] [emphasis added].) The Legislature in analogous statutes pertaining to service on nonresidents, it should be noted, has seen fit to impose a similar requirement of prior compliance with all statutory procedures and safeguards as a precondition for considering the service of process to be complete (see, e.g., Vehicle and Traffic Law § 253 [operating automobile within the State]; and General Business Law § 250 [operating aircraft within the State] under which nonresidents by their activities within the State are deemed to have submitted to New York jurisdiction and to have designated the Secretary of State their agent for service of process [see, Vehicle and Traffic Law § 253 (1)]; General Business Law § 250 [l]).[2]
*57 In contrast, service of process on a foreign corporation authorized to do business in the State is simple. There are no theoretical uncertainties concerning the basis for jurisdiction since the foreign corporation is concededly doing business in the State and, indeed, has applied for authority for the express purpose of doing so (see, Business Corporation Law § 1304 [a]). As part of its application for authority to do business, the foreign corporation must file a signed and verified designation of the Secretary of State as its agent for service of process and it must set forth the address to which the copy of any process is to be mailed (see, Business Corporation Law § 1304 [a] [6]). Because of this express designation of the Secretary of State, there can be no question that service on the Secretary of State as the foreign corporation’s designated agent is the equivalent of actual service on the foreign corporation. Thus, Business Corporation Law § 306 — unlike section 307 — provides that "[s]ervice of process on such corporation shall be complete when the secretary of state is so served” (§ 306 [b] [emphasis added]).
In sum, we hold that strict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation (accord, Lansdowne Fin. Serv. v Binladen Telecommunications Co., 95 AD2d 711, 712; Meyer v Volkswagen of Am., 92 AD2d 488; see, Macchia v Russo, 67 NY2d 592, 595; see also, Adirondack Tr. Lines v Lapaglia, 128 AD2d 228, 231; Elliot v James, 97 AD2d 428). The case of Marine Midland Realty Credit Corp. v Welbilt Corp. (145 AD2d 84), cited by the Appellate Division, presents the converse of the situation before us — a foreign corporation authorized to do business in the State being served with process under the more stringent procedures of section 307, rather than under section 306. The holding in Marine Midland — that personal delivery of process to the Secretary of State in Albany was sufficient for the completion of service and that the irregularities caused by proceeding under section 307 could be disregarded — highlights the crucial point. In Marine Midland, unlike the case at bar, the defendant was authorized to do business in the State and had filed an actual designation of the Secretary of State as agent for service of process (see, Business Corporation Law § 1304 [a] [6]).
The order of the Appellate Division should be reversed, with costs, defendant’s motion to dismiss plaintiff’s summons with notice granted and the certified question answered in the affirmative.
*58 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

. The operation of Business Corporation Law § 307 is specifically limited to circumstances where there is a basis for general jurisdiction over the foreign corporation under CPLR article 3 "(a) In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter” (§ 307 [a] [emphasis added]).

. These analogous statutes contain requirements for out-of-State service on the nonresident by registered or certified mail, for filing an affidavit of compliance and specifying that proof of service must be filed in order for service of process to be deemed complete (see, Vehicle and Traffic Law § 253 [2]; General Business Law § 250 [2]).