**Johnnie Sue ANDERSON, Plaintiff,**

v.

**JOHN ROYLE & SONS and Dependable Rubber Machinery Company, Defendants.**

**JOHN ROYLE & SONS, Third–Party Plaintiff,**

v.

**MICROFOAM, INC., Third–Party Defendant.**

**No. 91–CV–1077.**

United States District Court, N.D. New York.

Feb. 28, 1992.

Julian & Pertz, Utica, N.Y., for plaintiff Johnnie Sue Anderson; Richard Pertz, of counsel.

Felt Hubbard Law Firm, Utica, N.Y., for defendant Dependable Rubber Machinery Co.; Jay G. Williams, III, of counsel.

Bond Schoeneck & King, Syracuse, N.Y., for defendant and third-party claimant John Royle & Sons; Francis E. Maloney, of counsel.

Hancock & Estabrook, Syracuse, N.Y., for third-party defendant Microfoam, Inc.; Donald P. McCarthy, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

Plaintiff commenced this action on September 23, 1991, to recover for personal injuries she sustained in a work-related accident which occurred on June 14, 1991, while she was employed by Microfoam, Inc. ("Microfoam") located in Utica, New York. The jurisdiction of this court is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. section 1332.

Plaintiff alleges that the machine which caused her injuries was manufactured by defendant John Royle & Sons and refurbished and sold to Microfoam by defendant Dependable Rubber Machinery Co. ("Dependable"). *See* Plaintiff's Complaint at ¶¶ 9, 10, 11. Plaintiff attempted to serve Dependable pursuant to New York Business Corporation Law ("BCL") section 307. Claiming that plaintiff's attempted service was insufficient, Dependable moves to dismiss the complaint as to it pursuant to Fed.R.Civ.P. 12(b)(5).

### DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process. This rule states in pertinent part:

(c)(2)(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conform-

ing substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)....

(d) Service shall be made as follows:

(3) Upon a domestic or foreign corporation ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed.R.Civ.P. 4(c)(2)(C), (d)(3) (1991 Rev.Ed.). For the purposes of this motion, the court will assume that two facts are undisputed. First of all, Dependable is an unauthorized foreign corporation. Secondly, plaintiff attempted to serve Dependable pursuant to BCL section 307. Consequently, if plaintiff effected service in compliance with BCL section 307, such service would subject Dependable to the personal jurisdiction of this court pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i).

BCL section 307 states in pertinent part:

(a) In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent....

(b) Service of such process upon the secretary of state shall be made by personally delivering to and leaving with him or his deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, a copy of such process together with the statutory fee, which fee shall be a taxable disbursement. Such service shall be sufficient if notice thereof and a copy of the process are:

(1) Delivered personally without this state to such foreign corporation by a person and in the manner authorized to serve process by law of the jurisdiction in which service is made, or

(2) Sent by or on behalf of the plaintiff to such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address of such foreign corporation known to the plaintiff.

(c) 1. Where service of a copy of process was effected by personal service, proof of service shall be by affidavit of compliance with this section filed, together with the process, within thirty days after such service, with the clerk of the court in which the action or special proceeding is pending. Service of process shall be complete ten days after such papers are filed with the clerk of the court.[1]

2. Where service of a copy of process was effected by mailing in accordance with this section, proof of service shall be by affidavit of compliance with this section filed, together with the process, within thirty days after receipt of the return receipt signed by the foreign corporation, or other official proof of deliv-

---

1. Personal service upon a corporation is governed by New York Civil Practice Law & Rules section 311. This rule states in pertinent part:

Personal service upon a corporation ... shall be made by delivering the summons as follows:

1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service; ...

N.Y.Civ.Prac.L. & R. § 311 (McKinney 1990).

ery or of the original envelope mailed. *If a copy of the process is mailed* in accordance with this section, *there shall be filed with the affidavit of compliance* either the return receipt signed by such foreign corporation or other official proof of delivery or, *if acceptance was refused by it, the original envelope with a notation by the postal authorities that acceptance was refused. If acceptance was refused, a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept shall be promptly sent to such foreign corporation at the same address by ordinary mail and the affidavit of compliance shall so state.* Service of process shall be complete ten days after such papers are filed with the clerk of the court....

N.Y.B.C.L. § 307 (McKinney 1986) (emphasis added).

Plaintiff attempted to serve Dependable pursuant to BCL section 307(b)(2) by taking the following steps.[2] First, in October 1991, plaintiff served the Secretary of State of the State of New York. *See* Pertz Affidavit at ¶ 8 and Exhibit D. Subsequently on November 13, 1991, plaintiff served Dependable with a copy of process, together with an affidavit of service on the Secretary of State by registered mail, return receipt requested, addressed to the last known agent, Mr. Dalessio, at the address set forth in the Appointment of Agent form.[3] *See* Pertz Affidavit at ¶ 9 and Exhibit C. The post office returned the envelope as undelivered because the forwarding order had expired some 10 years earlier. *See* Pertz Affidavit at ¶ 10. Finally, plaintiff filed an affidavit of compliance together with the original and two copies of the returned registered mail envelope with this court in November, 1991.[4]

*See* Pertz Affidavit at ¶ 11, Exhibit E and Exhibit F. Thereafter, perhaps in anticipation of this motion, plaintiff attempted to effect service on Dependable pursuant to BCL section 307(b)(1) by personally serving Mr. George B. Sobieraj in his alleged capacity as President of Dependable Rubber Machinery. *See* Pertz Affidavit at ¶ 12 and Exhibit C.

Dependable argues that plaintiff did not strictly comply with the requirements of BCL section 307 and that therefore this court lacks personal jurisdiction over it. For this reason, Dependable moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(5). To the contrary, plaintiff contends that, having completed the steps described above, she complied with all of the requirements for service pursuant to BCL section 307. *See* Pertz Affidavit ¶ 16.

In *Flick v. Stewart–Warner Corp.,* 76 N.Y.2d 50, 57, 556 N.Y.S.2d 510, 513, 555 N.E.2d 907, 910 (1990), the New York Court of Appeals held that "strict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation." Thus, the issue before this court is whether either of plaintiff's attempts to serve Dependable constitutes strict compliance with the requirements of BCL section 307. In this regard, Dependable claims that plaintiff failed to effect service on it pursuant to either BCL section 307(b)(1) or (b)(2). First of all, the envelope which plaintiff filed with her affidavit of compliance was marked "fwd order exp. 10 yrs ago!" not "acceptance was refused" as required by BCL section 307(b)(2), (c)(2). *See* Defendant's Supplemental Memorandum of Law at 2–3. Furthermore, Dependable claims that personal service on Mr. Sobieraj was ineffective under BCL section 307(b)(1)

---

**2.** The court will assume for purposes of this motion that there is an independent basis for subjecting Dependable to the jurisdiction of this court as required by BCL section 307(a).

**3.** The court will assume for purposes of this motion that plaintiff mailed this service to Dependable at the last address known to plaintiff because there was no address specified for this defendant on file in the department of state in

the state in which Dependable was incorporated pursuant to BCL section 307(b)(2).

**4.** Although the statute states that the affidavit of compliance shall be filed with the original envelope, it appears that the affidavit of compliance was filed on November 14, 1991, and the original envelope and the return receipt were filed with an accompanying letter on November 19, 1991.

because Mr. Sobieraj was not a person authorized to accept service for Dependable. *See* Williams' Reply Affidavit at ¶¶ 3, 4. The court will discuss each of these arguments in turn.

*A. Sufficiency of Plaintiff's Service under New York Business Corporation Law section 307(b)(1)*

■ The court need not spend much time discussing the sufficiency of plaintiff's service under BCL section 307(b)(1). Although plaintiff states that Mr. Sobieraj was named as Dependable's President in certain corporate documents, this is not enough to establish that Mr. Sobieraj was a person authorized to accept service. The most recent document to which plaintiff refers to support this argument is dated September 29, 1978. *See* Pertz Affidavit at Exhibit C. In addition, plaintiff admits that she

> has no reason to doubt the veracity of Mr. Sobieraj's statements in his affidavit that Dependable Rubber Machinery Company was merged into Industrial Capital Machinery, subsequently re-named Machinery Merchants International, and indeed had received information that this was the case, although despite attempts to do so we have not obtained verification from the Ohio Secretary of State concerning the said merger and have not seen any documents indicating that corporate resolutions were in fact passed by Dependable effecting such merger.

*See* Pertz Affidavit at ¶ 14.

Plaintiff goes on to say that

> [i]n the absence of indication that Dependable Rubber Machinery Co. in fact ceased its corporate existence in the absence of any Certificate of Dissolution of the said corporation, it would appear that George Sobieraj remained the President of the corporation, and was accordingly a proper person upon whom to serve process.

*See* Pertz Affidavit at ¶ 17.

In support of its contention that plaintiff's personal service of process on Mr.

Sobieraj was insufficient, Dependable submitted Mr. Sobieraj's affidavit. In paragraph five of his affidavit Mr. Sobieraj states that "[i]n 1979 I sold my stock in the merged company and from that point to date have had no further interest in Dependable Rubber Machinery Company, or its successors and/or assigns." *See* Sobieraj Affidavit at ¶ 5. Mr. Sobieraj goes on to say that "[o]n December 26, 1991 [the day he was served with the summons and complaint in this action] I was not an officer, a managing or general agent or agent authorized by appointment or by law to receive service of process." *See* Sobieraj Affidavit at 8.

Plaintiff has submitted no evidence to controvert these statements and therefore, for purposes of this motion, the contents of this affidavit will be deemed admitted. *See* Wright and Miller, Federal Practice and Procedure: Civil 2d § 1353 (West 1990). Consequently, the court concludes that Mr. Sobieraj was not a person authorized to accept service for Dependable as defined by New York Civil Practice Law and Rules section 311. Accordingly, the court holds that plaintiff's personal service of the summons and complaint on Mr. Sobieraj did not constitute service on Dependable in compliance with New York Business Corporation Law section 307(b)(1).

*B. Sufficiency of Plaintiff's Service under New York Business Corporation Law section 307(b)(2)*

■ The main bone of contention between the parties with respect to the sufficiency of plaintiff's service under BCL section 307(b)(2) concerns whether a returned envelope marked "fwd order exp. 10 yrs ago!" should be treated as one marked "acceptance was refused" for purposes of this rule. Although the court is inclined to believe that they should not be treated equally given the purpose of BCL section 307, it need not answer this question to decide this motion.[5] Even if the court as-

---

**5.** In *Flick,* the New York Court of Appeals held that "[t]he proof called for in the affidavit of compliance is that the required *actual notice* has

been given either by personal service or by registered mail (*see,* § 307(c)(1), (2)). These are not mere procedural technicalities but measures

sumes for purposes of this motion that both of these types of return envelopes satisfy the statute, plaintiff has still failed to comply fully with the requirements of BCL section 307. The last requirement of this subsection states that "[i]f acceptance was refused, a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept shall be promptly sent to such foreign corporation at the same address by ordinary mail and the *affidavit of compliance shall so state ....*" N.Y.B.C.L. § 307(c)(2) (emphasis added). The affidavit of compliance that plaintiff filed with this court does not state that plaintiff performed this last step in the procedure. *See* Pertz Affidavit, Exhibit E. Therefore, the court concludes that plaintiff failed to comply strictly with the requirements of BCL section 307. Accordingly, the court holds that plaintiff's attempt to serve Dependable pursuant to BCL section 307 was insufficient to subject this defendant to the personal jurisdiction of this court.

■ Notwithstanding the fact that plaintiff failed to effect service on Dependable, this court need not dismiss this action. *Securities and Exchange Commission v. Gilbert,* 82 F.R.D. 723 (S.D.N.Y.1979) (citing *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972)). In *Grammenos v. Lemos,* 457 F.2d 1067 (2d Cir.1972), the Second Circuit held that the

> [s]tandards set in Rule 4(d) for service on individuals and corporations are to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice. (citations omitted).... But there must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action *unless it appears that proper service may still be obtained.*

*Id.* at 1070 (citations omitted) (emphasis added). The decision in *Flick* does not mandate a different result. Although the court in *Flick* dismissed the complaint due

to plaintiff's failure to comply strictly with the requirements of BCL section 307, the court had no other option. By the time it rendered its decision, the statute of limitations period had expired.

To the contrary, in the present case, there is no statute of limitations problem. Plaintiff was injured on June 14, 1991. Her causes of action are based on allegations of negligence and strict products liability for personal injuries she sustained in an industrial accident. Thus the applicable statute of limitations period is three years. *See* N.Y.Civ.Prac.L. & R. § 214(5). Furthermore, plaintiff contends that Mr. Sobieraj was Dependable's last president and that Dependable was never legally dissolved. Under these circumstances, it is at least arguable that Dependable received actual notice of this action. Therefore in accord with *Grammenos,* this court should not dismiss this complaint unless it appears that plaintiff cannot obtain proper service upon Dependable. At this time, no such showing has been made. In fact, it would appear that, at least with respect to timeliness, plaintiff may still be able to effect proper service on Dependable pursuant to either Fed.R.Civ.P. 4(c)(2)(C)(i) or (ii). Accordingly, the court denies Dependable's motion to dismiss for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5) without prejudice and with leave to renew should plaintiff be unable to effect service successfully within 60 days of the date of this order.

## CONCLUSION

For the reasons stated above, the court concludes that plaintiff has failed to effect service on Dependable pursuant to BCL section 307. Therefore at this juncture, this court lacks personal jurisdiction over Dependable. However, because it appears that plaintiff may still be able to effect proper service on this defendant, the court denies Dependable's motion to dismiss for insufficient service pursuant to Fed. R.Civ.P. 12(b)(5) without prejudice and with leave to renew should plaintiff be unable to

---

designed to satisfy *due process requirements of actual notice." Flick,* 76 N.Y.2d at 56, 556

N.Y.S.2d at 513, 555 N.E.2d at 910 (emphasis added).

effect service successfully within 60 days of the date of this order.

IT IS SO ORDERED.