■ JUDITH SMOLEN, Appellant, v COSCO, INC., et al., Respondents. [616 NYS2d 228] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated June 24, 1992, which granted the motion of the defendants Cosco, Inc., and Cosco Home Products to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (8), and denied the plaintiff's cross motion for leave to file proof of service of process nunc pro tunc.

Ordered that the order is affirmed, with costs.

In this action against, *inter alia,* two foreign corporations which are not authorized to do business in this State, the plaintiff's failure to comply with Business Corporations Law § 307 by not filing an affidavit of compliance with the clerk of the court *(see,* Business Corporations Law § 307 [c] [2]) within the Statute of Limitations was a jurisdictional defect *(see, Flick v Stewart-Warner Corp.,* 76 NY2d 50; *see also, Stewart v Volkswagen of Am.,* 81 NY2d 203, 207). To the extent that we

have held that such an omission constitutes a mere irregularity that could be remedied by resort to CPLR 2001 and 2004 *(see, Piekarz v Columbia Laundry Mach. Co.,* 150 AD2d 539; *Orzechowski v Warner-Lambert Co.,* 91 AD2d 681), our prior determinations have been effectively overruled by *Flick.* Since the court did not obtain personal jurisdiction over Cosco, Inc., and Cosco Home Products within the applicable periods of limitations, the Supreme Court properly dismissed the complaint with respect to them as time-barred. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.