OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with
 
 *773
 
 costs, and the certified question answered in the negative. Plaintiff does not contest that he failed to file an affidavit of compliance as required by Business Corporation Law § 307 (c) (2). That defect is jurisdictional and does not constitute a "mere irregularity]” subject to cure
 
 (see, Flick v StewartWamer Corp.,
 
 76 NY2d 50, 57 [holding that strict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation];
 
 Stewart v Volkswagen of Am.,
 
 81 NY2d 203, 207 [noting "mandatory sequence and progression of service completion options” necessary to acquire jurisdiction over foreign corporation not authorized to do business in New York];
 
 David v Fuchs,
 
 204 AD2d 253, 254,
 
 lv denied in part and dismissed in part
 
 84 NY2d 1003;
 
 Smolen v Cosco, Inc.,
 
 207 AD2d 441). Thus, plaintiff’s failure to serve defendant Truxmore, Inc. in accordance with the strict requirements of Business Corporation Law § 307 (c) (2) divested Supreme Court of jurisdiction over defendant and the motion to dismiss was properly granted.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.