■ PATTI M. SORRENTO, Individually and as Administratrix of the Estate of VITO C. SORRENTO, Deceased, Respondent, v RICE BARTON CORPORATION, Appellant, et al., Defendants. [730 NYS2d 604] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of Rice Barton Corporation (defendant), a foreign corporation not au-

thorized to do business in New York, seeking dismissal of the complaint based upon the alleged failure of plaintiff to comply with Business Corporation Law § 307 and CPLR 306-b. Plaintiff commenced this action by filing a summons and complaint on August 13, 1999. On November 16, 1999, a copy of the process was served on the Secretary of State. Thereafter, plaintiff sent a copy of the process to defendant "by registered mail with return receipt requested" (Business Corporation Law § 307 [b] [2]). On December 10, 1999, plaintiff filed an affidavit of compliance with the clerk of the court, pursuant to Business Corporation Law § 307 (c) (2). Defendant contends that dismissal is required because the 120-day period set forth in CPLR 306-b expired on December 13, 1999 and service of process was not "complete" until December 20, 1999, 10 days after the affidavit of compliance was filed (Business Corporation Law § 307 [c] [2]). We disagree.

Pursuant to CPLR 306-b, "[s]ervice of the summons and complaint * * * shall be made within [120] days after their filing * * * If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice." Contrary to defendant's contention, the statute requires that service be "made," not that service be "complete." We conclude, therefore, that the court properly refused to dismiss the complaint where, as here, plaintiff complied with the service requirements of Business Corporation Law § 307 and filed the requisite affidavit of compliance within the 120-day period provided for in CPLR 306-b. Although the failure to file an affidavit of compliance pursuant to the terms of Business Corporation Law § 307 is a jurisdictional defect (*see, Flannery v General Motors Corp.*, 86 NY2d 771, 773), here the affidavit of compliance was timely filed pursuant to the terms of that statute. (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.