■    HELEN REED et al., Respondents, v GOWANDA NURSING HOME et al., Defendants, and U-HAUL INTERNATIONAL, INC., et al., Appellants. [773 NYS2d 311]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered November 27, 2002. The order denied the motion of defendant U-Haul International, Inc. to dismiss the complaint against it pursuant to CPLR 3211 (a) (8).

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant U-Haul International, Inc. (U-Haul) seeking dismissal of the complaint against it based on lack of personal jurisdiction (*see* CPLR 3211 [a] [8]). In support of its motion, U-Haul alleged that plaintiffs failed to comply with the requirements of Business Corporation Law § 307 (c) (2). Pursuant to section 307 (c) (2), "[w]here service of a copy of process [on an unauthorized foreign corporation] was effected by mailing in accordance with this section, proof of service shall be by affidavit of compliance with this section filed, together with the process, within thirty days after receipt of the return receipt signed by the foreign corporation, or other official proof of delivery. . . ."

We note at the outset that the Court of Appeals has previously determined that a failure to adhere to the filing requirements of Business Corporation Law § 307 (c) (2) is a jurisdictional defect requiring dismissal (*seè Flannery v General Motors Corp.*, 86 NY2d 771, 773 [1995]; *Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57 [1990], *rearg denied* 76 NY2d 846 [1990]). In *Flannery*, it appears that service was properly accomplished in

accordance with Business Corporation Law § 307 by personal service upon the Secretary of State and personal service upon the foreign corporation, but the plaintiff conceded that he did not file the requisite affidavit of compliance. In *Flick*, the plaintiff was of the mistaken belief that the defendant was a corporation authorized to do business in New York and therefore complied with the service requirements of Business Corporation Law § 306 rather than section 307. The Court of Appeals determined that compliance with section 306 was insufficient to confer personal jurisdiction on the foreign corporation (*see Flick* at 57). We conclude, however, that *Flannery* and *Flick* are distinguishable from the case herein.

Here, U-Haul conceded in its motion papers that plaintiffs complied with the service requirements of Business Corporation Law § 307 (a) and (b) by serving the complaint against U-Haul upon the Secretary of State and mailing their process to U-Haul by registered mail, return receipt requested. U-Haul contends, however, that plaintiffs failed to file the requisite affidavit of compliance within 30 days after receiving the return receipt signed by U-Haul "or other official proof of delivery" pursuant to Business Corporation Law § 307 (c) (2).

In opposition to the motion, plaintiffs' attorney submitted an affidavit in which he stated that his law firm never received the return receipt from U-Haul and that it was not until he received U-Haul's motion to dismiss that he was officially notified that the registered mailing was received by U-Haul. In addition, upon contacting the applicable postal office, he learned that it had no record of that return receipt. U-Haul has offered no proof to rebut the statements of plaintiffs' attorney in his opposing affidavit.

The express language of the statute enacted by the Legislature places no affirmative duty or time limit upon a plaintiff to file an affidavit of compliance *until* the return receipt or other "official proof of delivery" is received. Thus, we conclude that plaintiffs properly construed U-Haul's motion to dismiss as the "official proof of delivery" described in Business Corporation Law § 307 (c) (2) and thereafter filed their proof of service within the requisite 30 days "in accordance with the strict requirements of Business Corporation Law § 307 (c) (2)" (*Flannery*, 86 NY2d at 773; *see also Flick*, 76 NY2d at 57). U-Haul's motion therefore was properly denied.

All concur except Pigott, Jr., P.J., and Hurlbutt, J., who dissent and vote to reverse in accordance with the following memorandum.

Pigott, Jr., P.J., and Hurlbutt, J. (dissenting). We respectfully

dissent. In our view, Supreme Court erred in denying the motion of defendant U-Haul International, Inc. (U-Haul) seeking dismissal of the complaint against it based on lack of personal jurisdiction (*see* CPLR 3211 [a] [8]). Once U-Haul raised the challenge to personal jurisdiction, plaintiffs had the burden of proving that U-Haul, a foreign corporation not authorized to do business in New York, was properly served with process in compliance with Business Corporation Law § 307 (*see Janko Pool Serv. v Berelson*, 145 AD2d 897, 898-899 [1988]; *see also De Zego v Donald F. Bruhn, M.D., P.C.*, 67 NY2d 875, 877 [1986]; *Beris v Miller*, 128 AD2d 822 [1987], *lv denied* 70 NY2d 610 [1987]). Plaintiffs failed to meet that burden. They failed to file, inter alia, the affidavit of compliance required by section 307 (c) (2), and that failure to adhere to "the strict requirements of [the statute] divested Supreme Court of jurisdiction over [U-Haul]" (*Flannery v General Motors Corp.*, 86 NY2d 771, 773 [1995]; *see Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57 [1990], *rearg denied* 76 NY2d 846 [1990]; *cf. Sorrento v Rice Barton Corp.*, 286 AD2d 873 [2001]). We disagree with the conclusion of the majority that plaintiffs complied with the statute following service of U-Haul's motion papers by filing a purported affidavit of compliance. Plaintiffs attached thereto a copy of the letter of their attorney accompanying the process mailed to U-Haul, date-stamped as received. The statute, however, requires the filing of "either the return receipt signed by such foreign corporation or other official proof of delivery" with the affidavit of compliance (Business Corporation Law § 307 [c] [2]). As U-Haul correctly contends, that requirement is not met by the filing of the date-stamped cover letter, which is not "official" proof of delivery inasmuch as it was not issued by the Postal Service. "When the requirements for service of process have not been met, it is irrelevant that [the] defendant may have actually received the documents" (*Raschel v Rish*, 69 NY2d 694, 697 [1986]; *see Macchia v Russo*, 67 NY2d 592, 595 [1986]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.