■ THOMAS G. ISSING et al., Appellants, v MADISON SQUARE GARDEN CENTER, INC., et al., Defendants, and MADISON SQUARE GARDEN, L.P., Also Known as MADISON SQUARE GARDEN (MSG), Respondent. (And a Third-Party Action.) [878 NYS2d 723]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 11, 2008, which granted defendant Madison Square Garden, L.P.'s (MSG LP) motion to dismiss the complaint as against it, and sua sponte dismissed the complaint as against defendant Madison Square Garden Center, Inc. (MSG Center), unanimously affirmed, without costs.

Plaintiff slipped and fell in Madison Square Garden while attending a basketball game and filed a complaint naming MSG Center that was served on the Secretary of State pursuant to Business Corporation Law § 306. It appears that MSG Center, which once owned and managed the arena where plaintiff fell, is a foreign corporation that has not been authorized to do business in New York State since 1998, and that no attempt to serve MSG LP, which has owned and managed the arena since 1998, was made until after the three-year statute of limitations had run. Plaintiffs, therefore, rely on the relation-back doctrine (CPLR 203 [c]) to argue that the timely service made on MSG Center should be deemed to have been service on MSG LP. Such argument fails because MSG Center was not served pursuant to Business Corporation Law § 307, which sets forth procedures for serving an unauthorized foreign corporation that are jurisdictional and require "strict compliance" (*Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57 [1990]). Since plaintiffs argue that, for statute of limitations purposes, the service made on

MSG Center amounted to service on MSG LP, MSG LP can assert defenses that could have been raised by MSG Center had it appeared in the action, and since MSG Center was not properly served pursuant to section 307, timely service cannot be deemed to have been made on MSG LP. In any event, the relation-back doctrine would not avail plaintiff even if MSG Center had been properly served where it does not appear that MSG Center and MSG LP are "united in interest" (*see generally Buran v Coupal*, 87 NY2d 173, 177-178 [1995]), i.e., that they "necessarily have the same defenses to the plaintiff[s'] claim" (*Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362, 363 [2003] [internal quotation marks omitted])—MSG Center's defense is lack of jurisdiction and MSG LP's defense is the statute of limitations. Moreover, even if MSG Center were properly served, plaintiffs do not show that MSG Center and MSG LP are the same entity such as might permit correction of a misnomer pursuant to CPLR 305 (c) (*see Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 947 [2002], *lv dismissed in part and denied in part* 100 NY2d 548 [2003]). Concur—Gonzalez, P.J., Buckley, Catterson and Renwick, JJ.