**Carol O. OBOT, Plaintiff–Appellant,**

v.

**CITIBANK SOUTH DAKOTA, N.A., Defendant–Appellee.**

No. 06–5504–cv.

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

Carol O. Obot, Amherst, NY, pro se.

Michael C. Manniello, Peter T. Roach & Associates, P.C., Syosset, NY, for Appellee.

PRESENT: WALKER, and ROBERT A. KATZMANN, Circuit Judges, DENISE COTE,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Carol O. Obot appeals from the October 18, 2006 judgment of the United States District Court for the Western District of New York (Arcara, *J.*) dismissing her complaint without prejudice. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review a district court's dismissal of a complaint for lack of proper service for abuse of discretion. *See Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002). Federal Rule of Civil Procedure 4(h)(1) provides, in relevant part, that a corporation must be served either: (1) in the manner required by the law of the state in which the district court is located, Rule 4(h)(1)(A); or (2) by delivering a copy of the summons and complaint to an officer or "agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy to the defendant," Rule 4(h)(1)(B). Pursuant to Rule 4(m) "if the plaintiff shows good cause for the failure [to serve process within 120 days of the filing of the complaint], the court shall extend the time for service for an appropriate period."

■ We discern no abuse of discretion in the district court's determination that Obot failed to effect service of process under New York law. New York Business Corporation Law ("BCL") § 306(b)(1) provides that "[s]ervice of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." Obot's service of process on the secretary of state in Buffalo did not comply with the statute's requirements. *See, e.g., Marine Midland Realty Credit Corp. v. Welbilt Corp.,* 145 A.D.2d 84, 537 N.Y.S.2d 669, 671–72 (3d Dep't 1989) (finding that "[§ 306] provide[s] that delivery of process to the Secretary of State or his deputy or his designated agent must occur at the office of the Department of State in the City of Albany" and concluding that "the persons and place designated for service on the Secretary of State in [the statute] may be viewed as jurisdictional requirements with which there must be strict compliance"); *Flick v. Stewart–Warner Corp.,* 76 N.Y.2d 50, 55, 556 N.Y.S.2d 510, 555 N.E.2d 907 (1990) (in addressing identical language contained in § 307, stating that "[s]uch process must be served personally at the office of the Secretary of State in Albany").

■ Obot's attempt to serve Citibank by mailing the complaint to Citibank's attorney and the "President and CEO" of Citibank did not effect service under New York Civil Practice Law and Rules ("CPLR") § 311 or § 312–a. Section 311(a)(1) requires that personal service be made on a corporation's officer or agent. Although § 312–a provides for service by mail, the plaintiff is required to send "by

first class mail, postage prepaid, a copy of the summons and complaint ... together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." Service under this section is not complete until the signed acknowledgment of receipt is mailed back to the sender. *See* § 312–a(b). Obot has not contended that she included with the complaint "a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender," and, even if she had, neither Citibank's attorney nor the "President and CEO" of Citibank returned a signed acknowledgment. Under New York law, therefore, the service was not complete and Obot was obligated to use another means of service. *See Buggs v. Ehrnschwender,* 968 F.2d 1544, 1549 (2d Cir.1992) (finding defendant had not been properly served where he did not return the service acknowledgment).

Finally, the district court did not abuse its discretion in dismissing the complaint without prejudice rather than extending the time for service as Obot has failed to "advance some colorable excuse for neglect," *Zapata v. City of New York,* 502 F.3d 192, 196, 198 (2d Cir.2007), and, although she has been aware since February 2005 that service was deficient, she has not requested an extension of time for service.

We have considered all of Obot's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.