■ RICHARD H. VANNORDEN et al., Respondents-Appellants, v MANN EDGE TOOL COMPANY, Appellant-Respondent, et al., Defendant. [910 NYS2d 189]—

Rose, J. Cross appeals from an order of the Supreme Court (Kramer, J.), entered November 5, 2009 in Schenectady County, which granted a motion by defendant Mann Edge Tool Company to vacate a default judgment entered against it and denied said defendant's motion to dismiss the complaint against it.

In November 2003, plaintiff Richard H. VanNorden allegedly sustained various injuries when a portion of a splitting maul manufactured and sold by one or more of the named defendants broke off and became lodged in his right eye. In June 2006, plaintiffs purportedly effectuated service upon defendant Mann Edge Tool Company (hereinafter defendant), an unauthorized foreign corporation, pursuant to Business Corporation Law § 307. Issue was not joined and, in July 2007, Supreme Court granted plaintiffs' motion for a default judgment. Following an inquest as to damages, Supreme Court entered a judgment against defendant in excess of $1 million. Defendant thereafter moved to vacate the default judgment and dismiss the complaint against it, contending that plaintiffs failed to obtain personal jurisdiction over it prior to the expiration of the statute of limitations. Supreme Court vacated the underlying judgment, but denied defendant's motion to dismiss the complaint, prompting these cross appeals.

Defendant contends that plaintiffs failed to comply with the service requirements set forth in Business Corporation Law § 307 and, therefore, personal jurisdiction was not obtained and this action should be dismissed. We agree and, accordingly, modify Supreme Court's order to that extent.

"Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York" (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]). First, process must be personally served upon the Secretary of State in the City of Albany or his or her deputy or authorized agent for service (*see* Business Corporation Law § 307 [b]). Then, as is relevant here, notice of the service and a copy of the process must be "[s]ent . . . to such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state . . . in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last [known] address of such foreign corporation" (Business Corporation Law § 307 [b] [2]). Finally, an affidavit of compliance, together with the process and the return receipt or other official proof of delivery, must be filed with the clerk of the court within a specified time period (*see* Business Corporation Law § 307 [c] [2]). Service is not deemed complete until 10 days after such papers are filed (*see* Business Corporation Law § 307 [c] [2]; *see also Flick v Stewart-Warner Corp.*, 76 NY2d 50, 55 [1990]).

The Court of Appeals has made clear that the "precisely . . . delineated sequence set forth in the statute" compels a plaintiff to proceed in a "strict sequential pattern" and that the failure to do so is a jurisdictional defect requiring dismissal (*Stewart v Volkswagen of Am.*, 81 NY2d at 208; *see Flick v Stewart-Warner Corp.*, 76 NY2d at 57; *see also Issing v Madison Sq. Garden Ctr., Inc.*, 62 AD3d 407 [2009]; *Reed v Gowanda Nursing Home*, 5 AD3d 987 [2004], *affd* 4 NY3d 770 [2005]). Further, the failure to file an affidavit of compliance is also a jurisdictional defect (*see Flannery v General Motors Corp.*, 86 NY2d 771, 773 [1995]; *Smolen v Cosco, Inc.*, 207 AD2d 441 [1994]).

Here, plaintiffs failed to sustain their burden of proving that the statutory requirements for jurisdiction were satisfied (*see Matter of Country Side Sand & Gravel Inc. v Town of Pomfret Zoning Bd. of Appeals*, 57 AD3d 1501, 1502 [2008], *lv denied* 61 AD3d 1439 [2009]). The affidavit of service contained in the record only establishes personal service upon the Secretary of State; it is silent as to any attempt to serve defendant in accordance with Business Corporation Law § 307. Nor did plaintiffs mail the required notice and process to the registered office address for defendant on file with the applicable department of state by registered mail as statutorily required. Instead, deeming the registered office address to be incomplete, plaintiffs' process server mailed the notice and process to a different address listed for defendant's corporate officers via certified mail, return receipt requested.* Although the record contains an unsigned notice purporting to establish that a copy of the summons and complaint was mailed to defendant, in light of the strict and specific statutory requirements, such notice is insufficient to constitute an affidavit of compliance—particularly when it erroneously recites that process was served by registered mail. Having failed to comply with the strict requirements of Business Corporation Law § 307, plaintiffs did not obtain jurisdiction over defendant and the motion to dismiss should have been granted.

In light of this conclusion, plaintiffs' cross appeal is academic.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Mann Edge Tool Company, by reversing so much thereof as denied said defendant's motion to dismiss; motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.

---

* No mailing address for service of process was specified on the official record, and the registered office address for defendant was listed as "Water and Dorcas Streets, Lewistown, Pennsylvania 17044."