DANIEL CLAUDIO, Plaintiff, v THE SHOW PIERS ON THE HUDSON et al., Defendants. PORT PARTIES, LTD., Third-Party Plaintiff-Appellant, v THE BURLINGTON INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [917 NYS2d 860]—

The motion court properly charged Port Parties with knowledge of plaintiff's claim as of May 15, 2008. Service of process on Port Parties was "complete" when the summons and complaint were personally served upon an authorized agent of the Secretary of State on that date (Business Corporation Law § 306 [b] [1]; CPLR 311). Port Parties' contention that it did not actually receive the copy mailed to it by the Secretary of State is unsupported by the record and, in any event, unavailing. Business Corporation Law § 306 (b) (1) does not make completion of service contingent upon the Secretary of State's mailing (*see Flick v Stewart-Warner Corp.*, 76 NY2d 50, 56-57 [1990]).

We have considered Port Parties' remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.