# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**736**

**CA 10-02308**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

NANCY D. GILLESPIE AND PATRICK GILLESPIE,
PLAINTIFFS-RESPONDENTS,

           V                                             MEMORANDUM AND ORDER

INTER-CONTINENTAL HOTELS CORPORATION,
ET AL., DEFENDANTS,
AND GRAND HOTEL INTER-CONTINENTAL PARIS SNC,
DEFENDANT-APPELLANT.

---

HOWARD W. BURNS, JR., NEW YORK CITY, FOR DEFENDANT-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (JOHN C. NUTTER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered August 31, 2010 in a personal injury action. The order denied the motion of defendant Grand Hotel Inter-Continental Paris SNC to dismiss the amended complaint against it.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted and the amended complaint against defendant Grand Hotel Inter-Continental Paris SNC is dismissed.

Memorandum: In this personal injury action, defendant Grand Hotel Inter-Continental Paris SNC (Hotel) appeals from an order denying its pre-answer motion to dismiss the amended complaint against it. We agree with the Hotel that Supreme Court erred in denying the motion, and we therefore reverse.

Plaintiffs concede that the Hotel is a foreign corporation not authorized to do business in New York State. Consequently, they were required to comply with Business Corporation Law § 307 to effect service of the supplemental summons and amended complaint upon the Hotel (*see Reyes v Harris Press & Shear*, 256 AD2d 564). "The incontestable starting proposition in cases of this kind is that once jurisdiction and service of process are questioned, plaintiffs have the burden of proving satisfaction of statutory and due process prerequisites" (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 207). "Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York . . . First, process must be personally served upon the Secretary of State

in the City of Albany or his or her deputy or authorized agent for service . . . Then, as is relevant here, notice of the service and a copy of the process must be [s]ent . . . to such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state . . . in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last [known] address of such foreign corporation . . . The Court of Appeals has made clear that the precisely . . . delineated sequence set forth in the statute compels a plaintiff to proceed in a strict sequential pattern and that the failure to do so is a jurisdictional defect requiring dismissal" (*VanNorden v Mann Edge Tool Co.*, 77 AD3d 1157, 1158-1159 [internal quotation marks omitted]; *see* § 307 [b]; *Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57, *rearg denied* 76 NY2d 846).

Consequently, "[p]laintiffs were obligated in the first instance to ascertain that there was no post office address specified for [the Hotel] to receive process or other registered or office address for [the Hotel] on file with the [French] equivalent of the Secretary of State *before* descending to the next level of notification options, i.e., mailing a copy of the process to 'the last address [of the Hotel] known to the plaintiff[s]' " (*Stewart*, 81 NY2d at 208, quoting Business Corporation Law § 307 [b] [2]).  Inasmuch as plaintiffs failed to establish that they attempted to ascertain whether an address was on file with such a French official or body, they failed to meet their burden of establishing that they followed the mandatory sequence set forth in the statute.  Failure to comply with section 307 is a jurisdictional defect, and thus dismissal of the amended complaint against the Hotel is required.

The Hotel's remaining contention is moot in light of our determination.

All concur except GORSKI, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent, inasmuch as I conclude that Supreme Court properly denied the pre-answer motion of defendant Grand Hotel Inter-Continental Paris SNC (Hotel) seeking to dismiss the amended complaint against it.  As the majority states, " 'Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York' " (*VanNorden v Mann Edge Tool Co.*, 77 AD3d 1157, 1158, quoting *Stewart v Volkswagen of Am.*, 81 NY2d 203, 207; *see* § 307 [b]).  The statute requires that "notice of the service and a copy of the process . . . be '[s]ent . . . to such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state[, or with any official or body performing the equivalent function,] in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last [known] address of such foreign corporation' " (*VanNorden*, 77 AD3d at 1158, quoting § 307 [b]

[2]).

     In support of its motion, the Hotel challenged the court's jurisdiction over it on the ground that plaintiffs' affidavit of compliance with Business Corporation Law § 307 was silent with respect to whether the address where plaintiffs sent the notice of service and a copy of the process was the one registered for that purpose with the French equivalent of the department of state.  In opposition to the motion, plaintiffs submitted the affidavit of their attorney, who averred that, based on his research, the Paris address to which he sent the notice of service and a copy of the process was the address listed for the Hotel in the "official registry of French companies." Thus, contrary to the conclusion of the majority, plaintiffs submitted evidence establishing that they "attempted to ascertain whether an address was on file with [the appropriate] French official or body . . . ."  Further, although it appears that the documents attached to the affidavit of plaintiffs' attorney were from a commercial enterprise providing information regarding companies listed in that French registry, rather than from the official registry itself, the Hotel makes no allegation in reply that the address to which plaintiffs sent the process is not "the post office address specified for the purpose of mailing process, on file . . . with an[] official or body performing the equivalent function" of the department of state (§ 307 [b] [2]).  Thus, I conclude that plaintiffs met their burden of establishing "that the specified steps for gaining jurisdiction by service and notice were precisely followed in the delineated sequence set forth in the statute" (*Stewart*, 81 NY2d at 207-208).  Notably, the procedures contained in Business Corporation Law § 307 are "calculated to assure that the foreign corporation[] in fact[] receives a copy of the process" (*Flick v Stewart-Warner Corp.*, 76 NY2d 50, 56, *rearg denied* 76 NY2d 846) and, here, there is no dispute that the Hotel actually received the process.  I would therefore affirm.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court