■ RAQUEL E. MEYER, Individually and as Administratrix of the Estate of ENNO J. MEYER, Deceased, Respondent, v VOLKSWAGEN OF AMERICA, INC., Appellant, et al., Defendant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered June 29, 1982, which denied defendant Volkswagen of America, Incorporated's motion (CPLR 3211, subd [a], par 8) to dismiss the complaint because of a lack of in personam jurisdiction, is unanimously reversed, on the law, the defendant's motion is granted and the complaint is dismissed, without costs. In Suffolk County, on February 25, 1980, Enno J. Meyer (Enno) was killed, when the vehicle in which he was a passenger collided with a vehicle manufactured by Volkswagen. Defendant is a foreign corporation that is not authorized to do business in this State. Decedent's wife is the administratrix of the goods and chattels of Enno. By substituted service on the Secretary of State, plaintiff administratrix attempted to commence a wrongful death action for damages against defendant. Thus, on February 18, 1982 plaintiff served a copy of the summons and complaint at the Secretary of State's office located in *New York City*. By notice of motion, dated April 5, 1982, defendant moved to dismiss this purported service of process in New York City because the plaintiff had not complied with subdivision (b) of section 307 of the Business Corporation Law. That subdivision provides that service: "shall be made by personally delivering to and leaving with him [the Secretary of State] or his deputy, or with any person authorized by the secretary of state to receive such service, *at the office of the department of state in the city of Albany,* a copy of such process together with the statutory fee" (emphasis added). We conclude that this statute is clear, unambiguous and must be strictly complied with "since notice received by

means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (*Feinstein v Bergner,* 48 NY2d 234, 241). Therefore, we find that Special Term erred in denying defendant's motion since the plaintiff did not serve the process "at the office of the department of state in the city of Albany". Concur — Sullivan, J. P., Ross, Carro, Fein and Lynch, JJ.