MARINE MIDLAND REALTY CREDIT CORPORATION, Respondent, v WELBILT CORPORATION, Appellant.

Third Department, February 9, 1989

## APPEARANCES OF COUNSEL

*Bertram Goldstein, P. C. (Bertram Goldstein* of counsel), for appellant.

*Kleinman & Saltzman, P. C. (Neil S. Saltzman* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

At issue on this appeal is whether personal jurisdiction was obtained over defendant, a foreign corporation authorized to do business in this State, by service of process in accordance with Business Corporation Law § 307, which provides the appropriate method of service on the Secretary of State on behalf of an unauthorized foreign corporation, rather than Business Corporation Law § 306, which provides the appropriate method for service on the Secretary of State in the case of a corporation authorized to do business in this State. Plaintiff, as the holder of mortgages on certain real property in the Town of Esopus, Ulster County, commenced a foreclosure action in 1977. At that time, defendant had a judgment lien against the property which was apparently junior and inferior to plaintiff's mortgages. Seeking to join defendant in its foreclosure action, plaintiff served a summons and complaint on the Secretary of State and sent notice of service on the Secretary of State and a copy of the process to defendant, by registered mail with return receipt requested, which defendant received. The method of service used by plaintiff was

that specified in Business Corporation Law § 307, which provides for service on an unauthorized foreign corporation. In attempting to serve process on defendant in the foreclosure action, plaintiff made two mistakes: it used the method of service appropriate for an unauthorized foreign corporation when, in fact, defendant was authorized to do business in this State; and plaintiff erroneously referred to defendant as Welbut Corporation, instead of Welbilt Corporation. Defendant never answered or appeared in the foreclosure action. A judgment of foreclosure and sale was entered in favor of plaintiff in March 1980.

When defendant thereafter attempted to execute its judgment lien, plaintiff commenced this action, pursuant to RPAPL article 15, and moved for summary judgment declaring defendant's judgment lien to be extinguished. In opposition, defendant alleged that it had never been properly served in the foreclosure action. Supreme Court denied plaintiff's motion with leave to renew and ruled that there was proper service in the foreclosure action.

■ Initially, we reject plaintiff's contention that as the successful party on plaintiff's motion for summary judgment, defendant is not an aggrieved party and, therefore, cannot appeal the order. As noted above, Supreme Court's order also specifically determined that plaintiff's service of process on defendant in the foreclosure action was sufficient and that the misdescription of defendant in that action as Welbut Corporation was a correctable irregularity. Accordingly, defendant was plainly aggrieved by Supreme Court's order.

■ It is a well-established principle in New York that: "In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment * * *. Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (*Macchia v Russo,* 67 NY2d 592, 595). Relying upon this rule, defendant maintains that since service of process was not made in accordance with the appropriate statute for service upon a foreign corporation authorized to do business in this State, the court did not have jurisdiction over it in the foreclosure action, despite its having received notice of the action. While New York law generally requires strict adherence to its statutory provisions for obtaining personal jurisdiction over a defendant (*see, e.g., Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288; *Feinstein v Bergner,* 48 NY2d 234, 241), we are of the view that the circumstances of

this case fall outside the general rule, and that in the absence of any prejudice to defendant, plaintiff's mistake in serving defendant as though it were an unauthorized foreign corporation should be disregarded.

CPLR 311 (1) provides that personal service upon a corporation, foreign or domestic, shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service". The Court of Appeals has declined to read the statute in a "narrow and technical manner", stating instead that the statute should be liberally construed, and explaining that "[t]he purpose of CPLR 311 (subd 1) is to give the corporation notice of the commencement of the suit" *(Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 271). Pursuant to Business Corporation Law § 304 (a), "[t]he secretary of state shall be the agent of every domestic corporation and every authorized foreign corporation upon whom process against the corporation may be served". Pursuant to Business Corporation Law § 307 (a), the Secretary of State is also authorized to receive service on behalf of unauthorized foreign corporations amenable to the State's jurisdiction. Accordingly, since the Secretary of State is authorized to receive service on behalf of a corporation, delivery of the summons to the Secretary of State constitutes literal compliance with the jurisdictional requirements of CPLR 311 (1).

Business Corporation Law §§ 306 and 307 contain additional requirements as to the manner of service of process when the Secretary of State is served on behalf of a corporation with the former statute containing the applicable provisions in the case of a domestic or authorized foreign corporation and the latter statute containing the applicable provisions in the case of an unauthorized foreign corporation. Both statutes provide that delivery of process to the Secretary of State or his deputy or his designated agent must occur at the office of the Department of State in the City of Albany. Pursuant to section 306, duplicate copies must be served and service is complete when the Secretary of State is so served (Business Corporation Law § 306 [b]). Pursuant to section 307, only one copy of process has to be served on the Secretary of State and a second copy, together with notice of service on the Secretary of State, must be personally delivered to the foreign corporation or sent to it by registered mail with return receipt requested; service is complete 10 days after an affidavit of compliance, together

with certain other papers, is filed with the clerk of the court in which the action is pending (Business Corporation Law § 307 [b], [c]). We conclude that while the persons and place designated for service on the Secretary of State in these two statutes may be viewed as jurisdictional requirements with which there must be strict compliance *(Meyer v Volkswagen of Am.,* 92 AD2d 488), mistakes or omissions with respect to the other requirements should be viewed as mere irregularities that, in the absence of prejudice to the defendant corporation, do not deprive the court of jurisdiction over the defendant and can be disregarded, pursuant to CPLR 2001 *(Orzechowski v Warner-Lambert Co.,* 91 AD2d 681; *Hoerning v Stihl Am.,* 70 AD2d 696). We reach this conclusion based largely upon the purpose of CPLR 311 (1), which necessarily extends to its companion statutes in the Business Corporation Law, to give the corporation notice of the commencement of the suit *(Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 271, *supra).*

In the case at bar, process was delivered to a proper person and at the proper place for service on the Secretary of State, and defendant received a copy of the process via registered mail with return receipt requested. To deprive the court of jurisdiction over defendant merely because the wrong person (plaintiff's process server instead of the Secretary of State) actually placed defendant's copy of the process in the mail would exalt form over substance and impose the type of narrow and technical statutory construction criticized by the Court of Appeals in *Fashion Page v Zurich Ins. Co. (supra).* In this regard, we note that, although Business Corporation Law § 306 (b) requires the Secretary of State to send one of the duplicate copies of process to the authorized foreign corporation, the failure to do so is not a jurisdictional defect *(Micarelli v Regal Apparel,* 52 AD2d 524). We also note that a foreign corporation that has obtained authorization to do business in this State might reasonably expect that when an action is commenced against it by service on the Secretary of State, process will be forwarded to it by the Secretary of State, but we see no prejudice to defendant herein which received not only a copy of the process, but also notice of service on the Secretary of State. We hold, therefore, that service on defendant, a foreign corporation authorized to do business in this State, in accordance with the provisions of Business Corporation Law § 307, which is applicable in the case of an unauthorized foreign corporation, was sufficient to provide personal jurisdiction over defendant pursuant to CPLR 311 (1).

■ As to plaintiff's misstatement of defendant's name in the summons and complaint, such a misnomer is a mere irregularity which in no way affects jurisdiction *(see, Bank of Suffolk County v All Shores Wholesale Foods,* 90 AD2d 530; *Pinto v House,* 79 AD2d 361).

MIKOLL, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.