■ GERARD FLICK, Respondent, v STEWART-WARNER CORPORATION, Appellant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Ford, J.), entered April 4, 1988 in Saratoga County, which denied defendant's motion to dismiss the summons with notice.

On January 4, 1985, plaintiff sustained injuries to his hand when a grease hose allegedly manufactured by defendant failed to operate properly. After various correspondence between plaintiff's attorneys and defendant failed to resolve their differences, plaintiff, on August 17, 1987, personally served two copies of a summons with notice on the Secretary of State. This service, as indicated in the Secretary of State's receipt, was made in accordance with Business Corporation Law § 306, which provides the method for serving foreign corporations authorized to do business in New York. Defendant failed to appear or answer so plaintiff moved for a default judgment. Plaintiff mailed its motion papers, which included the summons with notice and affidavit of service upon the Secretary of State, to the Cook County, Illinois, Sheriff on January 15, 1988 and defendant was personally served with these papers.

Defendant opposed plaintiff's motion for a default judgment and moved to dismiss the summons with notice or, in the alternative, to extend the time to appear and to compel plaintiff to accept its notice of appearance. Specifically, defendant claimed lack of personal jurisdiction (CPLR 3211 [a] [8]) because it was unauthorized to do business in New York and plaintiff's service did not comply with Business Corporation Law § 307, which provides the methodology of serving an

unauthorized foreign corporation. Supreme Court denied both plaintiff's motion for a default judgment and defendant's motion to dismiss; the court ordered plaintiff to accept defendant's notice of appearance and to serve a complaint within 30 days. Defendant appeals from that part of the order which denied its motion to dismiss.

In *Marine Midland Realty Credit Corp. v Welbilt Corp.* (145 AD2d 84), we recently concluded that service on a foreign corporation authorized to do business in New York in accordance with Business Corporation Law § 307, which is applicable to unauthorized foreign corporations, was sufficient to invoke the court's jurisdiction. This case presents the opposite situation—whether service on a foreign corporation unauthorized to do business in New York in accordance with Business Corporation Law § 306, which is applicable to domestic corporations and foreign corporations authorized to do business in New York, is sufficient to invoke the court's jurisdiction. Defendant essentially relies on the well-established principle that "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" *(Macchia v Russo,* 67 NY2d 592, 595) to support its contention that Supreme Court did not acquire jurisdiction over it since service was not in accordance with Business Corporation Law § 307. We disagree.

There is no dispute in this case that the summons with notice was personally served on the Secretary of State at her office in Albany. Since the Secretary of State is the statutory agent for unauthorized foreign corporations (Business Corporation Law § 307 [a]), this personal delivery of the summons constituted literal compliance with the jurisdictional requirements of CPLR 311 (1), which allows for personal service on a corporation by delivering the summons to an agent authorized by law to receive service *(see, Marine Midland Realty Credit Corp. v Welbilt Corp., supra).* Business Corporation Law § 307 provides additional requirements for service when the Secretary of State is personally served as agent for an unauthorized foreign corporation. This statute requires that in addition to one copy of process being served on the Secretary of State with the statutory fee, a second copy, together with notice of service on the Secretary of State, must be personally delivered to the foreign corporation or sent to it by the plaintiff or someone on the plaintiff's behalf by registered mail with return receipt requested, with service complete 10 days after an affidavit of compliance and other specified papers are filed with the court clerk where the action is pending (Business

Corporation Law § 307 [b], [c]). We recently held that: "while the persons and place designated for service on the Secretary of State in [Business Corporation Law § 307] may be viewed as jurisdictional requirements with which there must be strict compliance * * * mistakes or omissions with respect to the other requirements should be viewed as mere irregularities that, in the absence of prejudice to the defendant corporation, do not deprive the court of jurisdiction over the defendant and can be disregarded, pursuant to CPLR 2001" *(Marine Midland Realty Credit Corp. v Welbilt Corp., supra,* at 88).

In this case, process was delivered to the proper person at the proper place for service on the Secretary of State, and defendant received a copy of the process via registered mail with return receipt requested,*albeit the mailing was initiated by the Secretary rather than by plaintiff or someone on his behalf. To deprive Supreme Court of jurisdiction over defendant merely because the Secretary of State instead of plaintiff or someone on his behalf actually mailed the process "would exalt form over substance and impose the type of narrow and technical statutory construction criticized by the Court of Appeals" *(supra,* at 88). Since defendant received actual notice of the action and suffered no prejudice by reason of plaintiff's method of service, we therefore conclude that the omissions herein were mere irregularities that fail to deprive the court of jurisdiction *(see, Hoerning v Stihl Am.,* 70 AD2d 696).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

---

(June 15, 1989)

---

* Defendant concedes that we can consider the Secretary of State's letter advising that a copy of the process was sent to defendant by certified mail and the return receipt which are not part of the record on appeal but were submitted as part of plaintiff's brief.