■ HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, Respondent-Appellant, v DENZIL EMANUEL et al., Defendants, and FIRST NATIONAL FUNDING CORPORATION OF NEW YORK, Appellant-Respondent. VITO CHIRICO et al., Proposed Intervenors-Appellants. [769 NYS2d 511]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered July 31, 2002, which, in this mortgage foreclosure action, inter alia, denied the motion of LaSalle National Bank (LaSalle) to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, to vacate the judgment of foreclosure and sale entered, on default, on or about May 3, 2001, and denied plaintiff's cross motion for, inter alia, leave to amend all pleadings served in this action, nunc pro tunc, to reflect that the proper name of the defendant that assigned LaSalle its mortgage on the foreclosed premises is First National Funding Corporation of America (First America), and not First National Funding Corporation of New York, unanimously modified, on the law, to grant the cross motion insofar as to direct that the pleadings be amended to reflect the assignor defendant's proper name, and otherwise affirmed, without costs.

The motion court properly denied LaSalle's motion to dismiss the complaint for lack of personal jurisdiction over its assignor. Plaintiff's affidavit of service states that it served the summons and complaint on "First National Funding Corporation of America Sued Herein as First National Funding" by personally serving the Secretary of State pursuant to Business Corporation

Law § 306, and the Department of State's certification of service indicates that First America was served via certified mail, return receipt requested, at the address where First America has maintained offices since 1998. Accordingly, since First America was in fact served with plaintiff's summons and complaint, plaintiff's misstatement of defendant's name in the summons and complaint amounted to no more than an irregularity and did not deprive the motion court of jurisdiction over the proper party (*see Marine Midland Realty Credit Corp. v Welbilt Corp.*, 145 AD2d 84, 89 [1989]).

The motion court also correctly denied LaSalle's application to vacate the underlying judgment of foreclosure and sale entered on default because there was no demonstrable merit to LaSalle's defense to the foreclosure action. Plaintiff gave good and valuable consideration for the mortgage it received from defendant Denzil Emanuel, which it recorded on May 12, 1999, five months before First America recorded its mortgage on the same premises. There is nothing in the record to demonstrate that plaintiff knew or should have known of the existence of the First America mortgage. While executed prior to plaintiff's mortgage, the First America mortgage lost its priority because plaintiff, a good-faith lender for value, recorded its security interest first without knowledge of the prior loan (*see* Real Property Law § 291).

We modify only to grant that portion of plaintiff's cross motion seeking to amend the pleadings. Because the process served fairly apprised First America that plaintiff intended to seek judgment against it, First America would not be prejudiced by the amendment (*see Fink v Regent Hotel*, 234 AD2d 39, 41 [1996]). Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.