■ RICHARDSON DELEON et al., Plaintiffs, v 650 WEST 172ND STREET ASSOC. et al., Defendants and Third-Party Plaintiffs. JOSEPH ABRAM, Doing Business as JOSEPH ABRAM CONTRACTING, Third-Party Defendant. 650 WEST 172ND STREET ASSOC. et al., Second Third-Party Plaintiffs-Respondents, v JAKE REALTY, LLC, et al., Second Third-Party Defendants-Appellants. [841 NYS2d 867]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 16, 2007, which, in an action to recover for lead paint injuries against the owners of premises where infant plaintiff resided (respondents), and a second third-party action by respondents against the owners of premises where infant plaintiff received day care (appellants), insofar as appealed from, denied appellants' cross motion to dismiss or sever the second third-party complaint, or, in the alternative, vacate the note of issue, unanimously affirmed, without costs.

It appears that although a July 13, 2004 preliminary conference order directed that disclosure in any third-party actions be completed by April 14, 2005, respondents did not commence the subject second third-party action against appellants until on or about September 14, 2006, which was also well after the January 31, 2005 filing of the note of issue, and less than three months before the scheduled trial date. Countering an October 19, 2006 motion by respondents for a default judgment, appellants cross-moved, on December 4, 2006, to dismiss or sever the second third-party complaint, or, in the alternative, vacate the note of issue. Insofar as pertinent, Supreme Court denied appel-

lants' cross motion, but, noting plaintiff's nonappearance on the motions, struck the action from the trial calendar (while keeping the note of issue in effect), and directed that the action not be restored to the calendar except upon application to the court made after completion of specified disclosure designed to satisfy appellants' claimed disclosure needs. No basis exists to disturb this exercise of discretion, which, given virtually identical factual and legal issues in the main and second third-party actions, promotes judicial economy, and, by giving appellants sufficient time to undertake and complete disclosure, eliminates the prejudice caused by respondents' undue delay in commencing the second third-party action (*see Fries v Sid Tool Co.*, 90 AD2d 512 [1982]; *see also Rothstein v Milleridge Inn*, 251 AD2d 154, 155 [1998] [if prejudice can be avoided, preferable that parties' respective liabilities for same personal injury be tried together]). Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.