■ Ottaviano Bevilacqua et al., Respondents, v Bloomberg, L.P., Appellant-Respondent, Scales Industrial Technologies, Inc., Sued Herein as Scales Industries Technologies, Inc., Respondent-Appellant, and Quincy Compressor, Appellant. (And a Third-Party Action.) Scales Industrial Technologies, Inc., Second Third-Party Plaintiff-Respondent, v Quincy Compressor, Second Third-Party Defendant-Appellant. Scales Industrial Technologies, Inc., Third Third-Party Plaintiff-Respondent, v Coltec Industries, Inc., Third Third-Party Defendant-Appellant. [895 NYS2d 347]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 31, 2009, which denied the motion of defendant Bloomberg, L.P. and the cross motion of Scales Industrial Technologies, Inc., sued herein as Scales Industries Technologies, Inc. for summary judgment dismissing the complaint and all cross claims as against them, the motions of defendant Quincy Compressor to dismiss the complaint and the second third-party complaint as against it, the motion of third third-party defendant Coltec Industries, Inc. to dismiss the third third-party complaint against it, and granted plaintiffs' cross motion for leave to serve a second amended complaint, unanimously modified, on the law, to grant Bloomberg's motion and Scales's cross motion, to vacate that portion of the order denying Quincy's motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction and remand the matter for a traverse hearing, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff Ottaviano Bevilacqua was injured when, while working for his employer American Building Maintenance (ABM), he slipped and fell on oil located on the floor near two air compressors in a chiller plant owned by Bloomberg. According to plaintiff, an internal oil leak in one of the air compressors caused

oil to leak onto the floor. ABM provided engineering services at the building pursuant to a service maintenance contract with Bloomberg. Quincy, an unincorporated division of Coltec, manufactured the air compressors, and Scales, an authorized distributor of Quincy compressors, inspected and repaired the air compressors at the building pursuant to the manufacturer's warranty.

The motion court improperly denied Bloomberg's motion and Scales's cross motion for summary judgment dismissing the complaint and all cross claims as against them. A general awareness of an internal oil leak in the compressors is insufficient to raise an issue of fact as to whether Bloomberg and Scales had actual or constructive notice of the oil on the floor (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). There is also no evidence that Scales was negligent in performing its services, or that its services caused the oil on the floor (*see Ledesma v Aragona Mgt. Group*, 50 AD3d 510, 511 [2008]). "In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (*Daniels v Kromo Lenox Assoc.*, 16 AD3d 111, 112 [2005]).

The motion court improperly denied that portion of Quincy's motion to dismiss the amended complaint for improper service. While the process server's sworn affidavits of service constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1), the affidavits of the persons who accepted service denying that they were authorized to do so, were sufficiently specific to warrant a traverse hearing (*see Dunn v Pallett*, 42 AD3d 807 [2007]).

The motion court properly denied that portion of Quincy's motion to dismiss asserting that plaintiffs' present counsel lacked the authority to amend the complaint because it did not file a consent to change attorney form pursuant to CPLR 321 (b). Because Quincy communicated with plaintiffs' present firm, albeit regarding Quincy's motion to dismiss, prior to plaintiffs' filing the change of attorney form, the actions of the present firm prior to the filing of the consent to change attorney form should not be nullified (*see Juers v Barry*, 114 AD3d 1009, 1010 [1985]; *Deacon's Bench v Hoffman*, 88 AD2d 734 [1982]). In any event, as the motion court noted, plaintiffs' mistake of not filing the consent to change form is, under the circumstances, a mere formality and Quincy has shown no prejudice by plaintiffs' noncompliance with CPLR 321 (b).

The motion court also properly denied that portion of Quincy's motion to dismiss asserting that plaintiffs' amended

complaint is invalid because plaintiffs did not obtain leave of the court or act on an effective stipulation as required by CPLR 1003 and CPLR 3025 (b). Because plaintiffs served the amended complaint naming Quincy as a defendant after the service of the third-party complaint upon Quincy and before Quincy served a third-party answer, plaintiffs properly commenced a direct action against Quincy pursuant to CPLR 1009 (*see Guarino v 233 E. 69th St. Owners Corp.*, 14 AD3d 652 [2005]).

The motion court properly denied that portion of Quincy's/Coltec's motion to dismiss the second third-party complaint for lack of jurisdiction. Where, as here, a foreign corporation authorized to do business in the state is mistakenly served under the more stringent procedures of Business Corporation Law § 307, rather than under Business Corporation Law § 306, personal delivery of process to the Secretary of State in Albany is sufficient for the completion of service and the irregularities caused by proceeding under the wrong section should be disregarded (*see Marine Midland Realty Credit Corp. v Welbilt Corp.*, 145 AD2d 84 [1989]). Scales's failure to name Coltec in the second third-party summons and complaint is a mere irregularity which in no way affects jurisdiction (*see generally Household Fin. Realty Corp. of N.Y. v Emanuel*, 2 AD3d 192 [2003]; *Marine Midland Realty Credit Corp.*, 145 AD2d at 89).

The motion court properly denied that portion of Quincy's/Coltec's motions to dismiss the second and third third-party complaints on the ground of untimeliness and undue delay. Although the second and third third-party complaints were filed past the deadline set forth in a so-ordered stipulation, and more than 2½ years after the commencement of the main action, Quincy/Coltec has failed to show that it was prejudiced by the delay. Since no note of issue has been filed by plaintiffs nor any final discovery deadline mandated by the court, Quincy will be allowed to conduct discovery in this matter. Furthermore, Scales has provided a reasonable excuse for the delay, namely that it needed to conduct discovery in order to determine if there was a good faith basis to implead Quincy (*compare DeLeon v 650 W. 172nd St. Assoc.*, 44 AD3d 305, 306 [2007], *with Juncal v W 12/14 Wall Acquisition Assoc., LLC*, 15 AD3d 447, 449 [2005]).

The motion court properly denied that part of Coltec's motion to dismiss asserting that Scales improperly brought successive third-party actions. Neither CPLR 1007, nor CPLR 1011, forbids a defendant from bringing successive third-party actions. In any event, as the motion court held, a motion can be made or the parties can agree to consolidate the third-party actions.

The motion court properly granted plaintiffs' cross motion for

leave to file a second supplemental summons and amended complaint. Because the second third-party complaint was properly filed and served, plaintiffs' claims against Quincy and Coltec, asserted in the amended complaint, relate back, for statute of limitation purposes, to the date of service of the second third-party complaint (*see* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473 [1985]; *Peretich v City of New York*, 263 AD2d 410, 411 [1999]). Although Scales attempted to serve the second third-party complaint upon Quincy pursuant to Business Corporation Law § 307, the motion court did not abuse its discretion in determining that service was properly effectuated pursuant to Business Corporation Law § 306, and thus that service was complete when the Secretary of State was served on April 4, 2008, within the applicable three-year statute of limitations (*see* CPLR 214 [5]). Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30710(U).]**