Marko Byvalets, Appellant,
against
Lillian Kapelow, Respondent. 




Marko Byvalets, appellant pro se.
Louis Klieger, Esq., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered February 22, 2018. The judgment, upon an order of that court granting defendant's motion pursuant to CPLR 4401, made at the close of plaintiff's case, for judgment as a matter of law, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $25,000. Following motions by both parties, as well as multiple adjournments, a jury trial was held at which plaintiff was pro se and defendant was represented by counsel. At the outset of plaintiff's presentation of his direct case, the court refused to permit plaintiff to introduce into evidence a written "witness statement." Plaintiff testified that defendant and plaintiff's ex-wife had been close friends. His testimony focused principally on his ex-wife's activities and his disputes with his ex-wife. Plaintiff's mother, who testified on behalf of plaintiff, similarly focused on the behavior of plaintiff's ex-wife in her testimony. 
In response to questions of the court as to whether he had more witnesses, plaintiff stated that he did not, but indicated that he intended to cross-examine defendant. There was the following colloquy:
"THE COURT: . . . Do you have anything you wish to discuss at this point to put on the record?
MR. BYVALETS: . . . I would want to discuss the witness' testimony with Lillian Kapelow with the attorney but that will be afterwards.
THE COURT: You can't put a statement . . . of somebody who isn't here to be cross-examined into evidence. That's called hearsay. You can call the person as a witness if you want.
MR. BYVALETS: But then she's already included as a witness so I will be cross-examining her.
THE COURT: That's up to you. Do you wish to call her, you can call her.
MR. BYVALETS: No, I already used one of my witnesses already.
THE COURT: Fine. Anything from you, Mr. Klieger [defendant's attorney]?
MR. KLIEGER: Does the plaintiff rest, your Honor?
. . .
THE COURT: Do you rest at this point? In other words, do you have any other witnesses that you wish to call on your case?
MR. BYVALETS: At this time, I have no one else, no."
Defendant then moved to dismiss the complaint. After plaintiff again indicated that he intended to cross-examine defendant even though he had already "rested," the Civil Court granted defendant's motion to dismiss, upon a finding that plaintiff had failed to prove a prima facie case.
On appeal, plaintiff argues that the court displayed prejudice against him both prior to and during the trial. However, upon a review of the record, we discern no manifestation of prejudicial or unfair treatment on the part of the court. To the extent that plaintiff argues that the court erred by granting multiple adjournments of the case prior to the trial, we note that when a case is called for trial and one of the parties fails to appear or is unable to proceed, it is generally within the trial court's discretion to adjourn the trial to another date (see Melendez v Stack, 171 AD3d 726, 728 [2019]; Basetti v Nour, 287 AD2d 126, 133 [2001]), and a trial court's [*2]determination will not be disturbed absent an improvident exercise of that discretion (see Adotey v British Airways, PLC, 145 AD3d 748, 749-750 [2016]). Plaintiff failed to establish that the adjournments of the trial constituted an improvident exercise of discretion by the trial court. 
Plaintiff also contends that the court erred in permitting the trial to proceed because defendant had previously been represented by an attorney different from the one who had appeared on defendant's behalf at trial, and no notice of change of attorney had been served or filed (see CPLR 321 [b]). "A technical failure to comply with CPLR 321 (b), however, does not render the acts of the new attorney a nullity" (Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009 [2018]), particularly where, as here, the plaintiff fails to demonstrate any prejudice by reason of the noncompliance with CPLR 321 (b) (see Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412 [2010]). 
In our opinion, the court properly granted defendant's motion and dismissed the complaint, since, at the close of his direct case, plaintiff had not established facts from which any cause of action against defendant could be discerned. To the extent that plaintiff may have misunderstood trial procedure, we note that "[a] litigant appearing pro se acquires no greater right than any other litigant" (Roundtree v Singh, 143 AD2d 995, 996 [1988] [internal quotation marks omitted]) and does so at his or her own peril (e.g. Banushi v Lambrakos,305 AD2d 524 [2003]; Gounder v Progressive Credit Union, 55 Misc 3d 145[A], 2017 NY Slip Op 50677[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019