Caras v George Comfort & Sons, Inc. (2021 NY Slip Op 06075)





Caras v George Comfort & Sons, Inc.


2021 NY Slip Op 06075


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 152645/15 Appeal No. 14585 Case No. 2020-04400 

[*1]Keith Caras, Plaintiff,
v
George Comfort & Sons, Inc., et al., Defendants. George Comfort & Sons, Inc., et al., Third-Party Plaintiffs-Respondents,


London Fischer LLP, New York (Kyle T. McEwen of counsel), for appellant.
Cullen and Dykman LLP, New York (Christopher Ruggiero of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 8, 2020, which denied third-party defendant Forest Electric Corp.'s motion for, among other things, discovery sanctions against defendants/third-party plaintiffs, unanimously affirmed, without costs.
The motion court providently exercised its discretion in declining to sanction defendants for failing to identify or produce a project manager whose affidavits they had submitted in support of a July 2019 summary judgment motion and a June 2020 reconsideration motion (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]; Fish & Richardson, P.C. v Schindler, 75 AD3d 219 [1st Dept 2010]). Among other things, the motion court had a standing order against post-note of issue discovery; thus defendants were under no obligation to produce the project manager absent a contrary directive from the court. The onus of obtaining such a directive rested on Forest, the party seeking the additional discovery, and yet, despite the opportunity to raise the issue with the court at a November 2019 conference, Forest did not to do so.
The court providently exercised its discretion in declining to sever the third-party action (see DeLeon v 650 W. 172nd St. Assoc., 44 AD3d 305 [1st Dept 2007]; Ingoglia v Leshaj, 1 AD3d 482, 485 [2d Dept 2003], lv denied 2 NY3d 705 [2004]). That action shares common questions of fact and law with the main action and trying the two together will promote judicial economy and consistency in the results. Moreover, Forest has not shown that its rights were prejudiced by the fact that defendants did not produce the project manager for deposition. The court also providently exercised its discretion in declining to order the project manager's deposition (see 22 NYCRR 202.21[d]; Cuevas v 1738 Assoc., L.L.C., 111 AD3d 416 [1st Dept 2013]; Orr v Yun, 74 AD3d 473 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021