VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-202



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

| | |
|---|---|
| Heather Nielsen\* & Nicholas Nielsen\* v.<br>Knight Industries, Inc. | } APPEALED FROM:<br>}<br>} Superior Court, Rutland Unit, Civil Division<br>} CASE NO. 21-CV-03322<br>Trial Judge: Megan J. Shafritz |

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal from the trial court's summary-judgment decision in defendant's favor. They argue that a dispute of material fact exists as to whether defendant was properly served with plaintiffs' original summons and complaint. We affirm.

Plaintiffs, who live in New York, entered into a contract for kitchen cabinets with defendant, a Vermont company. Plaintiffs obtained a default judgment against "Knight Kitchens, Inc." in New York State in June 2020. They then sought to domesticate their judgment in Vermont against "Knight Industries, Inc." Both parties moved for summary judgment and the court granted defendant's request.

The trial court recognized that "[a] sister-state judgment is normally entitled to full faith and credit in the absence of a showing that the court lacked jurisdiction or acted to deprive defendant of a reasonable opportunity to be heard." Lakeside Equip. Corp. v. Town of Chester, 173 Vt. 317, 321 (2002) (quotation omitted). A "defendant has the heavy burden of undermining" another state's judgment, which is presumptively valid. Hall v. McCormick, 154 Vt. 592, 595 (1990). A defendant may defeat enforcement of default judgment "in another forum by showing that the judgment was issued by a court lacking personal jurisdiction," and "[i]n determining jurisdiction, the foreign State's law, as limited by due process, controls." Lakeside Equip. Corp., 173 Vt. at 321-22 (quotation omitted).

Defendant argued that the New York court lacked personal jurisdiction over it because it was not properly served with the original summons and complaint under New York law. It

maintained that the defective service rendered the default judgment void. Plaintiffs asserted that service had been properly made.

The trial court explained that, under New York law, "[p]ersonal service upon a [domestic or foreign] corporation . . . shall be made by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1) (McKinney 2023). The commentary to the rule explains that "the general rule . . . is that the process server must tender process directly to an authorized corporate representative," and "[d]elivery to an unauthorized person who later hands the process to an officer, managing agent, or some other qualified representative is ineffective." Vincent C. Alexander, Supplemental Pract. Commentaries, N.Y. C.P.L.R. § 311, at C311:1 (McKinney 2013). New York courts require more than actual or constructive notice of a lawsuit for service to be effective. See, e.g., Macchia v. Russo, 496 N.E.2d 680, 682 (N.Y. 1986) ("Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court."); DeZego v. Bruhn, 472 N.Y.S.2d 414, 416 (App. Div. 1984) ("Although appellant clearly received actual notice of the suit, such notice does not cure defective service since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." (quotation omitted)).

Defendant maintained that the undisputed facts showed that it was not served in compliance with N.Y. C.P.L.R. § 311(a)(1) because the summons and complaint were delivered to a salesperson, Steve Bankert, rather than to defendant's executives or agents, and Mr. Bankert was not authorized to receive service on behalf of the corporation. Defendant submitted a statement from Mr. Bankert in support of its motion. Plaintiffs argued that Mr. Bankert was defendant's agent and authorized to accept service and that defendant's controller acknowledged having received the complaint shortly after it was provided to Mr. Bankert.

The court agreed with defendant that service was defective and that the New York court therefore lacked jurisdiction over defendant at the time of its judgment order. It found that plaintiffs failed to present any admissible evidence to challenge defendant's version of events. Defendant presented evidence to show that in October 2018, a deputy sheriff from the Rutland County Sheriff's Department served a summons and complaint on Mr. Bankert at defendant's office in North Clarendon, Vermont. Mr. Bankert was the only person at the office that day. The deputy sheriff handed Mr. Bankert a package containing the summons and complaint but did not tell Mr. Bankert what was in the package. The deputy did not ask Mr. Bankert if he was authorized to accept service on defendant's behalf nor did she ask who at the company was authorized to accept service. Mr. Bankert did not tell the deputy that he could accept service or tell her whom to serve. Mr. Bankert did not know what was inside the package and did not recall what he did with it after receiving it. The deputy noted Mr. Bankert's physical characteristics and job title on her return of service form.

Several days later, defendant's controller sent plaintiffs an email, indicating that defendant received the complaint and did not understand why it was being sued. Defendant also acknowledged that on or before January 10, 2019, one of its officers, directors, or general agents received a copy of the summons and complaint, although it did not explain which individual received the copy or how it was received. Defendant did not appear in the New York action,

although its controller acknowledged receiving notice of plaintiffs' request for a default judgment shortly after it was filed with the court. The New York court entered a default judgment in plaintiffs' favor in June 2020. In issuing its judgment, the New York court relied on the Rutland County Sheriff Department's affidavit of personal service, as well as an affidavit submitted by plaintiffs' counsel concerning the deputy's delivery of documents to defendant in October 2018, but the New York court did not make any findings regarding service.

Based on the undisputed facts, the court rejected plaintiffs' arguments that: Mr. Bankert was defendant's "managing or general agent" such that service on him was effective as to defendant; service was effective by transmission to defendant's controller via Mr. Bankert; Mr. Bankert was an "agent authorized by appointment . . . to receive process"; and defendant admitted to service in writing, which sufficed under New York law. The court also rejected plaintiffs' attempt to create a disputed issue using an "affidavit," which was not in fact sworn before a notary, from an individual who described the general practices of the Rutland County Sherriff's Department. The court concluded that defendant had met its "heavy burden" to show that the New York court lacked jurisdiction over it due to defects in the service of process. The court thus deemed the New York default judgment void and dismissed the action. This appeal followed.

Plaintiffs argue on appeal that they presented admissible evidence that created a genuine dispute of fact regarding service. They cite the deputy sheriff's affidavit of service that they submitted and assert that the document implies that the deputy attested to properly serving process on Mr. Bankert and defendant. Plaintiffs suggest that there are inconsistencies between the deputy's affidavit and Mr. Bankert's statements. Plaintiffs further assert that the affidavit creates a dispute over whether the deputy engaged in a "proper inquiry of . . . defendant's employees, and delivered the summons according to their direction." Fashion Page, Ltd. v. Zurich Ins. Co., 406 N.E.2d 747, 751 (N.Y. 1980). Plaintiffs contend that this case is unlike those cited by the trial court and more akin to Marine Midland Realty Credit Corp. v. Welbilt Corp., 537 N.Y.S.2d 669, 670 (App. Div. 1989), where the court considered if personal jurisdiction was obtained when the party making service followed the wrong statutorily mandated procedures.

We review summary judgment decisions de novo, "using the same standard as the trial court." Morisseau v. Hannaford Bros., 2016 VT 17, ¶ 12, 201 Vt. 313. Summary judgment is appropriate "where the material undisputed facts show that the moving party is entitled to judgment as a matter of law." Id. We give the nonmoving party the benefit of "all reasonable doubts and inferences" and "accept as true the allegations made in opposition to the motion . . . so long as they are supported by affidavits or other evidentiary material." Id.

We agree with the trial court that defendant was entitled to summary judgment here. It is not reasonable to infer from the deputy's affidavit that the deputy was attesting to satisfying the requirements of New York law in serving process, nor does the affidavit support a reasonable inference or create a factual dispute over whether the deputy inquired of Mr. Bankert and delivered the summons according to his direction. The affidavit simply states that the deputy served the summons and complaint on "Knight Kitchens, Inc. c/o Steve Bankert (sales designer)." It includes a physical description of Mr. Bankert and indicates that he was not a member of the military. Nothing in the affidavit draws into question the facts set forth by

defendant via Mr. Bankert's statement and we reject plaintiffs' argument to the contrary. To the extent that plaintiffs complain about discovery issues, we reject that argument for the same reason as the trial court. Plaintiffs had ample time for discovery and could have sought relief from the court if they believed defendant failed to comply with its discovery obligations.

We are unpersuaded by plaintiffs' reliance on Marine Midland, 537 N.Y.S.2d 669. In that case, the court recognized the "well-established principle in New York" that "[i]n a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment . . . . Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." Id. at 671. The question there was whether jurisdiction was obtained when a plaintiff followed the process for serving a foreign corporation not authorized to do business in New York, rather than the process for serving a foreign corporation that was authorized to do business in New York. Under both scenarios, the Secretary of State was authorized to receive service. For foreign corporations authorized to do business in the state, "duplicate copies must be served and service is complete when the Secretary of State is so served." Id. For unauthorized corporations, "only one copy of process has to be served on the Secretary of State and a second copy, together with notice of service on the Secretary of State, must be personally delivered to the foreign corporation or sent to it by registered mail with return receipt requested." Id. The court concluded "that while the persons and place designated for service on the Secretary of State in these two statutes may be viewed as jurisdictional requirements with which there must be strict compliance, mistakes or omissions with respect to the other requirements should be viewed as mere irregularities that, in the absence of prejudice to the defendant corporation, do not deprive the court of jurisdiction over the defendant and can be disregarded, pursuant to [N.Y. C.P.L.R. § 2001]." Id. at 672 (citation omitted).

In Marine Midland, "process was delivered to a proper person and at the proper place for service on the Secretary of State, and [the] defendant received a copy of the process via registered mail with return receipt requested." Id. at 672. The court held that "[t]o deprive the court of jurisdiction over [the] defendant merely because the wrong person ([the] plaintiff's process server instead of the Secretary of State) actually placed [the] defendant's copy of the process in the mail would exalt form over substance and impose the type of narrow and technical statutory construction criticized by the Court of Appeals in Fashion Page v. Zurich Ins. Co., [406 N.E.2d 747]." Id. The court noted that, while the law "require[d] the Secretary of State to send one of the duplicate copies of process to the authorized foreign corporation, the failure to do so is not a jurisdictional defect." Id. It added that while "a foreign corporation that has obtained authorization to do business in this State might reasonably expect that when an action is commenced against it by service on the Secretary of State, process will be forwarded to it by the Secretary of State," there was "no prejudice to [the] defendant" as it "received not only a copy of the process, but also notice of service on the Secretary of State." Id. The court thus held that "service on [the] defendant, a foreign corporation authorized to do business in this State, in accordance with the [law] . . . applicable in the case of an unauthorized foreign corporation, was sufficient to provide personal jurisdiction over [the] defendant" pursuant to N.Y. C.P.L.R. § 311(a)(1). Id.

Unlike Marine Midland, plaintiffs here failed to establish that they complied with the "jurisdictional requirements with which there must be strict compliance," id., that is, delivery of

4

a summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311(a)(1). We are not concerned here with nonjurisdictional requirements as in <u>Marine Midland</u>. The trial court did not err in finding an absence of personal jurisdiction over defendant in the New York action and granting summary judgment to defendant.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice